Miriam TINSLEY, Plaintiff–Appellant

v.

OCWEN FINANCIAL CORP; Ocwen LOAN SERVICING LLC, as Successor by Merger with Ocwen Federal Bank, FSB; Unknown Holders and or Owners, Residual Interest in Securitization of Mortgage Loan of Miriam Tinsley; Hughes Watters, & Askanase, LLP; Carolyn Taylor; Anderson, Burns, & Vela LLP, Defendants–Appellees.

No. 06–20485.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 2007.

Robert C. Hilliard, Hilliard & Munoz, Corpus Christi, TX, William Herbert Oliver, Pipkin, Oliver, & Bradley, San Antonio, TX, Edward Morgan Carstarphen, III, Ellis, Carstarphen, Dougherty & Goldenthal, Houston, TX, for Plaintiff–Appellant.

Craig Forrest Simon, Jones Day, Dallas, TX, Melissa A. Holyoak, O'Melveny & Myers, Washington, DC, Blaine D. Edwards, Ray L. Vela, Beirne, Maynard & Parsons, John Kevin Spiller, Strasburger & Price, Robert M. Mullins, Hughes, Watters & Askanase, Lindsay L. Lambert, Houston, TX, for Defendants–Appellees.

358

UNITED STATES of America,
Plaintiff–Appellee

v.

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM: *

The district court's Final Judgment entered May 3, 2006, and its Order to Pay Fees entered April 21, 2006, are not supported by written reasons for its summary resolution of the many jurisdictional and other issues that underlie the Final Judgment and the award of attorneys' fees as sanctions against Tinsley and counsel. Without reasons, we are unable to engage in meaningful appellate review. Accordingly we VACATE both the Final Judgment and the Order to Pay Fees and REMAND to the district court with instructions to the Chief Judge to reassign this case to a different district judge.

We do not intimate that dismissal of some or all of the plaintiff-appellant's claims is ultimately inappropriate, nor do we intimate that sanctions are inappropriate.

VACATED AND REMANDED with instructions to the Chief Judge. Each party shall bear its own costs.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.